**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

LEONEL CAMARGO, on behalf of himself and
other similarly situated,

**OPINION & ORDER**

                             Plaintiffs,

**21-CV-8522 (JW)**

        -against-

GOOD NATURE, INC. ET AL,

                         Defendants.
-------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Leonel Camargo brings this action against Good Nature, Inc. et al. Plaintiff alleges claims pursuant to the Fair Labor Standards Act ("FLSA"), N.Y. Labor Law ("NYLL"), and the New York Commissioner of Labor's Spread of Hours Wage Order. (Dkt. No. 1 ("Am. Compl.") ¶ 17.) Plaintiff and Defendants submit their proposed settlement agreement to the Court for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and pursuant to the considerations detailed in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). All parties have consented to my jurisdiction in accordance with 28 U.S.C. 636(c). (Dkt. No. 16.) Plaintiff and Defendants submitted a joint requested settlement approval on March 18, 2022. (Dkt. No. 20.) For the reasons below, the Court **GRANTS** the settlement (Dkt. No. 20-1) between Plaintiff and Defendants.

**BACKGROUND**

Defendants employed Plaintiff as a delivery worker from 2016 to on or about October 2, 2021.  Am. Compl. ¶¶ 4, 22.  However, Plaintiff also spent part of his workday performing non-tipped duties, including "taking out the trash, organizing and stocking beer, mopping, sweeping, and cleaning the basements and bathroom." *Id*. ¶ 5.  Plaintiff alleges that Defendants failed to pay him the applicable minimum hourly rate, overtime compensation at one and one-half times the regular hourly rate, and an additional hour's pay for each day his spread of hours exceeded ten hours. Am. Compl. ¶¶ 96-119.  Plaintiff claims that Defendants violated the notice and recordkeeping requirements and wage statement provisions of the NYLL and required him to pay without reimbursement the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job.  *Id*. ¶¶ 120-28.  Plaintiff also states that Defendants retained a portion of his tips, made unlawful deductions from his wages, and did not pay him on a regular weekly basis. *Id*. ¶¶ 129-43.  Defendants contest these material facts and legal arguments.  Dkt. No. 20 at 2.

**DISCUSSION**

**I.    Standard**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that

exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in Wolinsky:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

> 900 Supp. at 335 (internal quotations omitted).

## II.    Range of Recovery

Plaintiff alleges he is entitled to recover from Defendants $105,781.50 in unpaid overtime and minimum wage damages.  (Dkt. No. 20 at 2.)  The proposed settlement amount is $32,000.  (Dkt. No. 20-1.)  Of the total settlement amount, Plaintiff would receive $21,065.36 and Plaintiff's counsel would receive $10,934.64 in attorney fees.  *Id*.  Plaintiff's settlement amount thus represents approximately 20% of Plaintiff's alleged maximum damages. [1]  Settling for 20% is significant enough given the early procedural posture of the case and the value to Plaintiff of receiving a large lump sum without the risks of litigation noted below.  *See* Gervacio v. ARJ

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., Rosario v. Structural Preservation Systems, LLC, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); Rojas v. Bronx Moon LLC, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); Felix v. Breakroom Burgers & Tacos, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); Beckert v. Ronirubinov, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a Cheeks approval is to protect the employee, I concur with this approach.

Laundry Servs. Inc., No. 17-cv-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving FLSA settlement that would net the plaintiff "approximately 20 percent of the maximum possible recovery amount").

### III.  Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial.  The parties acknowledge that the significant factual and legal disputes present in this case present them with risks were they to proceed with litigation. (Dkt. No. 20 at 2.)  Defendants produced records that conflict with Plaintiff's recollection regarding the number of hours Plaintiff and the wages he received.  *Id.*

### IV.  Arm's Length Negotiation

The parties represent that the settlement was a product of an arm's-length negotiation by experienced counsel, and there is no evidence to the contrary.  (Dkt. No. 20 at 1.)  The parties also used a court-ordered mediator to reach their agreement. (Dkt. No. 14.)

### V.  Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff is not an employee of Defendants, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer.  See Am. Compl. ¶ 22.

### VI.  Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment with Defendants. See Caprile v. Harabel Inc., 14-CV-6386 (MHD), 2015 WL 5581568,

at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. See Thallapaka v. Sheridan Hotel Associates LLC, No. 15-CV-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. See Martinez v. Gulluoglu LLC, 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

Plaintiff's counsel requests an attorneys' fees and costs award of $10,934.64, which represents approximately 34.17% of the total award.[2] Without counsel's costs, counsel's request amounts to 32.91% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See* Fisher v. SD Protection, Inc., 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); Singh v. MDB Construction Mgmt., Inc., No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); Rodriguez-Hernandez v. K Bread & Co., No. 15-CV-6848 (KBF),

---

[2] Plaintiff is represented by Catalina Sojo from CSM Legal. (Dkt. No. 20 at 3.) Michael Faillace and Jacob Jaffe from CSM Legal also represented Plaintiff, but they are no longer employed by CSM Legal. *Id*. at 3-4.

2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). In this case, Plaintiff's counsel's fees are reasonable. Counsel began representing Plaintiff in September 2021 and the settlement was negotiated in February 2022. In that period, counsel filed a complaint, drafted pre-trial disclosures, determined Plaintiff's alleged damages, participated in a mediation with Defendants, and prepared the parties' settlement agreement. (Dkt. No. 20-3.)

## CONCLUSION

For the foregoing reasons, the Court approves the parties' proposed settlement agreement (Dkt. No. 20-1) as fair and reasonable. It is HEREBY ORDERED that the action is dismissed with prejudice against Defendants and without costs.

The Clerk of Court is directed to close Dkt. No. 20.

**SO ORDERED.**

Dated:      March 24, 2022          *Jennifer E. Willis*
            New York, New York     **Jennifer E. Willis**
                                    United States Magistrate Judge